The second statement on our calendar this morning is No. 20-1289, Campbell v. We Transport. Ms. Campbell? Good morning. Good morning. You may proceed. Okay, I will begin by stating that the claims process in this case was abnormal. I would like to state that on August 1st of 2017, We Transport sent me a letter stating that I complete a life insurance form and forward them an original debt certificate. Therefore, based on the letter and what I was told by my deceased brother, I believe I was beneficial. Next, I will state that my brother had a will. I filed it with the Probate Court of Suffolk County. Because it was a small estate, I filed it as a small estate. They gave me the authorization to be the administrator instead of the executive. They also gave me a letter that after I was told from the appellees that there was no beneficiary on file, I included the proceeds from the insurance as a probate asset. They gave me a letter authorizing me to get the proceeds from the insurance. Ms. Campbell, this is Judge Carney. I want to interrupt you for a minute just to ask a question because we have reviewed your papers and the decision of the magistrate judge and of the district court. What it looks like to me is that the surrogate court had a lot of communications, but ultimately the life insurance plan that We Transport had and that your brother participated in had this clause that you're familiar with. If there's no named beneficiary living at the covered person's death, we will pay any amount due. And then it gives the plan, the insurer, a choice of paying it to his legal spouse, natural or adopted children, or the estate. And that language lets them make a choice. And that's what they did here. So what happened in the New York courts, it's all kind of confusing because it goes in a couple of different directions, but it's the ERISA plan that governs here. And as I think you know, we're on arbitrary and capricious review, which is only if something is totally out of bounds and is not supported by the language, can we change the decision of the insurer? And I'm not sure how I see any way for us to do that. Though it seems like this has been a difficult situation for you. Do you understand what I'm saying? Yes, Your Honor. However, the only provision that is in the certificate of coverage addresses the situation when someone is named as a beneficiary and they are living. There's nothing in their certificate of coverage that addresses the issue when there's no beneficiary on file. Well, I think that there are two different ways maybe of interpreting this language. And the insurer has the right to choose one that's reasonable. It says if there's no named beneficiary living at the covered person's death. And it seems that the record shows and that you agree that there was no named beneficiary. Is that right? I agree that based on their certificate of coverage, there was no named beneficiary living. However, I point back to the letter from WeTransport. I believe I was a beneficiary and something happened along the way. Why would they ask me to send them the death certificate and to complete a form if I was not a beneficiary? Well, they didn't have the information at the time. I think they were trying to get information. We'll hear from the insurer and WeTransport now since you're past your time. You have a minute of rebuttal, so you'll have a chance. Okay, thank you. Thank you very much. Mr. Bernstein. Good morning, Your Honor. Good morning. Your Honors, may it please the Court. I represent the appellees in this case, and I think Your Honor respectfully requests that the decision below be affirmed in all respects. As Your Honor noted, this case was reviewed twice, actually three times, by the district court, once by the magistrate judge, and twice by the district judge who handled the reconsideration. All of those decisions found that the decision-making in America on this claim was not arbitrary and capricious. So I couldn't really tell because the plaintiff appellant's briefing wasn't entirely clear, but I think we could all agree that the arbitrary and capricious standard of review applies here. It looked like the appellant had argued that the plan has a very clear grant of discretionary authority, and the district court at both the report and recommendation level and at the judge's determination under an overview of that recommendation would have found that the plan fully delegates discretionary authority. So now we know that, as Your Honor previously stated, that that means that the decision can't be overturned unless it's not reasonable or supported by substantial evidence in the administrative record. I mean, here, as you know, we had the plaintiff appellant herself tell Unamerica about the four adult children of the decedent. They didn't know about those people until Ms. Campbell told them that these four adopted children existed. And when they wrote to the four adopted children to confirm that, they all confirmed that, yes, indeed, they were the adopted children of the decedent. And so they had already paid the first two of the four siblings benefits before they even told Unamerica, before Ms. Campbell told Unamerica that she had been appointed administratrix of the estate. And at that point, they had already been in the process of exercising their option to pay the surviving adopted children. So it really was impossible to sort of unwind that, and they paid the other two adopted children. There was nothing arbitrary and capricious about that. Mr. Bernstein, let me follow up on one argument that Ms. Campbell makes, which is she says that the insurer should have filed an interpleader action. Is that something that the insurer might do in a situation like this where you've been contacted by one party and have made payment to other parties and there's some ambiguity? Yeah, well, it's not a mandatory situation. It's an option that life insurance carriers can and do use if they are presented with conflicting claims for the same life insurance proceeds. But remember, as I just said a moment ago, there wasn't any disputed claim until two of the adopted children had already been paid. They'd been identified as potential beneficiaries by Ms. Campbell. And so I think the names were Janelle and Takiyah had already been paid at the time that Ms. Campbell wrote and told the insurance company that there was an estate and that the money should be paid to the estate. So they could have. If you had learned of that earlier, would the plan have paid the benefits differently? It might have paid it differently. I can't say, you know, I don't I don't I can't turn back the clock to that time to see how they would have done it. But the question, I think, Your Honor, is was it arbitrary and capricious for them to pay the four adult children rather than the estate or interplead? And I don't think there's any way that could be determined. You know, by as arbitrary and capricious because they had the plan certainly gives them the option. So there's the general discretionary clause that's in the certificate. You keep saying that we had already you had already paid it out. So I'm curious what that would mean that you would have done if it hadn't been too late. If you had learned that she was the administrator at an earlier point. It's hard to say. The insurer had not received the bills that she presented to you showing the expenses for the funeral until after payments were already made or half the payments had already been made. Is that is that correct? Is that right? Yes. Yes, that's correct. Judge, I honestly I can't I can't say for sure. I've handled many interpleader case where frank disagreements between parties who put their claims on file before any money had been distributed or any determination had been made. Those situations are just unlike what we're dealing with here. The red lights on. So we won't keep you longer. We have. Thank you, Mr. Bernstein. Ms. Campbell, you have a minute of rebuttal if you'd like to respond. Yes, thank you. I would like to say that I did fill out a facility of payment form. However, I didn't know if the children was legally adopted. They identified themselves drawn the funeral process that they were adopted. And I circled adopted. You know, America, never verify or obtain information that they were legally adopted as I speak to you today. I don't know. So I feel that that was a flaw in their process. Anybody can call them up and say, hey, I'm the children, whatever, wife, whatever. And there's no proof. They gave out monies to people without confirming that they were adopted. I don't know that I don't have an art relationship with them. All right. I think we have the arguments and we have your papers. We will reserve decisions. Well presented. Thank you. Thank you very much. Yes, thank you. Yep. You too. Stay safe. We have one more case on our calendar today, but it is not scheduled for oral argument. That's number 20, 2024 United States versus Northup. And we will take that under advisement. The clerk will please adjourn court. Our sense of.